[Criminal No. 585.   Filed March 11, 1924.]

[223 Pac. 820.]

## RICHARD BARTON, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS—ONE INTERESTED IN TRANSACTION MAY BE CONVICTED OF UNLAWFUL TRANSPORTATION, THOUGH NOT IN POSSESSION.—Seller of intoxicating liquor, or one interested with the seller in making his sale, may be guilty of unlawful transportation, under Laws 1917, chapter 63, section 2, though he was never in possession of the liquor; his interest in the liquor making him a principal with the one who did transport it.

---

1. State regulation of transportation of intoxicating liquor, see notes in Ann. Cas. 1917A, 622, 637; Ann. Cas. 1918B, 278; Ann. Cas. 1918D, 887.

1. Whether one who obtains liquor for, and delivers to another, using the latter's money, is guilty of selling the same, see notes in 24 L. R. A. (N. S.) 268; 28 L. R. A. (N. S.) 334; L. R. A. 1917D, 1020

See 33 C. J. 584, 759.

2. INTOXICATING LIQUORS — EVIDENCE HELD TO SUPPORT CONVICTION
FOR TRANSPORTATION.—In a prosecution for unlawful transporta-
tion of intoxicating liquor, under Laws 1917, chapter 63, section 2,
evidence *held* sufficient to sustain a conviction.

APPEAL from a judgment of the Superior Court
of the County of Graham. W. R. Chambers, Judge.
Affirmed.

Mr. Lyman H. Hays and Mr. G. V. Hays, for
Appellant.

Mr. John W. Murphy, Attorney General, and Mr.
A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-
Farland, Assistant Attorneys General, for the State.

ROSS, J.—The particular clause of the prohibition
law defendant was charged with violating is found in
section 2, chapter 63, Laws of 1917, and reads as
follows:

" . . . And it shall be unlawful for any person to
transport or cause to be transported, within the state
of Arizona any ale, wine, beer or any malt, vinous or
spirituous liquors or any mixture or preparation of
a like nature, or any intoxicating liquors of any
kind. . . . "

The case was tried without a jury, defendant hav-
ing in open court waived a jury trial.

The appellant questions the sufficiency of the evi-
dence to sustain the conviction, and this is the only
point we are asked to pass upon. He was arrested at
night-time by some deputy sheriffs of Graham county,
just as he, one H. D. Tilley, and a Mexican were about
to take a half-gallon of moonshine liquor from its
hiding place near some unoccupied adobe buildings in
the town of Solomonville. Defendant explained his
connection therewith as one of accommodation, that is,
that Tilley wanted some whisky and asked him if he
had any; that he replied that he did not have, but

might find a man who did have; that he "rustled" around, and found a Mexican who said he had sold out and would have to go on horseback and get some, which he did; and that when arrested he was going with Tilley and the Mexican to where the product was left by the latter; that he was not interested in the whisky, was to get nothing for his services, and did not know the Mexican.

Tilley's version was that he was at a Mexican dance at Solomonville and wanted a drink; that he was introduced to defendant, who said:

"He would have to take a horse and go up the road a piece, and that as soon as he got it down there he would hide it some place, and he would come up there and get me, and we would go and get it. He said it would cost me $10 for a half gallon. I agreed to pay him the $10."

The officers saw someone on horseback deposit the whisky just a few minutes before the arrest. It was in five bottles in a gunny sack. Just as the Mexican picked up the sack the officers appeared on the scene and arrested the defendant. The Mexican ran away and was never apprehended.

If defendant was only playing the friendly part of bringing the seller and buyer together, he would not be guilty of transporting or causing to be transported liquor in Arizona, unless it was shown that he personally transported it; but if, on the other hand, he was the seller, or interested with the seller in making the sale, he would be guilty, even though he may never have had it in his possession. Tilley's testimony strongly tended to show defendant was interested in the transaction as a seller, and the court must have so found. That fact being determined against defendant, it would make no difference whether he or the Mexican transported it, as both would be principals and equally guilty.

We conclude the evidence amply sustains the verdict and judgment of conviction, and accordingly such judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.